**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NATHAN C. JONES and )
LYN J. BUCHMILLER, individually, and )
on behalf of all others similarly situated, )
)
      Plaintiffs, )
) Case No.: 2:19-cv-02534-CM-JPO
v. )
)
USHEALTH GROUP, INC. and )
USHEALTH ADVISORS, LLC, )
)
      Defendants. )

**FIRST AMENDED COMPLAINT**

COME NOW Plaintiffs Nathan C. Jones and Lyn J. Buchmiller, individually, and on behalf of all others similarly situated, and for their First Amended Complaint against Defendants USHEALTH Group, Inc. and USHEALTH Advisors, LLC, state:

**Parties and Jurisdiction**

1. Nathan C. Jones ("Jones") is an individual who resides in Johnson County, Kansas.

2. Lyn J. Buchmiller ("Buchmiller") is an individual who resides in St. Louis County, Missouri.

3. Jones and Buchmiller bring this action on behalf of themselves and all others similarly situated.

4. Defendant USHEALTH Group, Inc. ("USHEALTH") is a Delaware corporation in good standing.

5. USHEALTH's principal place of business is in the State of Texas.

6. Defendant USHEALTH Advisors, LLC ("Advisors") is a Texas limited liability company good standing.

7. Advisors is a wholly owned subsidiary of USHEALTH.

8. Defendants' website states that it is dedicated to providing various types of insurance, including health insurance, to "self-employed individuals, families, business owners and their employees."

9. Defendants sell insurance products to persons in the State of Kansas and nationwide.

10. This Court has personal jurisdiction over Defendants because they have solicited business in the State of Kansas, conduct business in the State of Kansas, have committed some of the acts described below in the State of Kansas and otherwise have sufficient minimum contacts with the State of Kansas, and such contacts are continuous and systematic.

**Background**

11. Defendants sell insurance products through its agents.

12. Defendants' website states that its agents must "meet specific product training and certification standards before being authorized to represent our products."

13. Defendants' senior vice president stated, "our agents must pass a rigorous examination process to certify their full knowledge of our products."

14. Defendants' agents are captive agents who are only permitted to sell Defendants' insurance products.

15. A press release on Defendants' website states that Defendants are "focused on serving America's self-employed, small business and individual insurance market through its captive Agent sales force."

16. USHEALTH Advisors has an office located at 10540 Barkley Street in Overland Park, Kansas.

17. USHEALTH Advisors provides its agents various marketing materials displaying its name and logo.

18. One of Defendant's agents is Chad Beisel ("Beisel").

19. Beisel has an agent profile on Defendants' website, which includes Beisel's photograph and contact information. The profile identifies Beisel as a "USHEALTH Advisors Agent." The top of the website containing Beisel's profile states "USHEALTH Group."

20. The website containing Beisel's profile includes a link that can be clicked to obtain a quote from USHEALTH. The website states above the link that "USHEALTH Group offers quality coverage to policy holders" for various types of insurance.

21. Beisel identifies himself on his LinkedIn profile as a "Field Sales Leader" for USHEALTH Advisors.

22. USHEALTH Advisors requires that all advertising that directly or indirectly identifies the "USHEALTH" brand, such as text message advertisements, be approved prior to use by its agents. Such advertisements must be submitted to USHEALTH Advisors for approval at marketing@ushadvisors.com.

23. Defendants market their products and services, in part, through sending text messages to prospective customers' cellular phones.

### Texts to Jones

24. Jones is the owner of a cell phone and pays the bill for his cell phone account. His cell phone number is 913-XXX-4213.

25. Jones previously owned a landscaping business called "Prariescapes."

26. Jones did not provide his cell phone number to Defendants.

27. Jones had no prior business relationship with Defendants.

28. Jones did not grant Defendants prior express written consent to be contacted on his cell phone.

29. On or about March 13, 2019, Jones received a text message from Defendants on his cell phone in Johnson County, Kansas. The text message stated:

> Hello. My name is Chad and I'm a licensed health insurance agent in KS and MO. Call me at 913-562-6134 to discuss your options for affordable health coverage. I look forward to helping you. Thanks.

30. On or about March 18, 2019, Jones received a second text message from Defendants on his cell phone in Johnson County, Kansas. The text message stated:

> Hey Prariescapes, are you still looking for health coverage? If we get an application in today I can still have coverage start on the 1st. Call me at 913-562-6134.

31. Both text messages appeared on Jones's cell phone as having been received from phone number 913-562-6134.

32. Upon information and belief, phone number 913-562-6134 is a number used by Defendants to conduct business.

33. The text messages placed to Jones by Defendants were made for the purpose of selling insurance products.

### Texts to Buchmiller

34. One of Defendants' agents is Gerald Hunter ("Hunter").

35. Hunter has an agent profile on Defendants' website, which includes Hunter's photograph and contact information. The profile identifies Hunter as a "USHEALTH Advisors Agent." The top of the website containing Hunter's profile states "USHEALTH Group."

36. The website containing Hunter's profile includes a link that can be clicked to obtain a quote from USHEALTH. The website states above the link that "USHEALTH Group offers quality coverage to policy holders" for various types of insurance.

37. On information and belief, Hunter's e-mail address is Gerald.Hunter@USHAdvisors.com.

38. Hunter identifies himself on his LinkedIn profile as a "Licensed Insurance Agent" for USHEALTH Group.

39. Buchmiller is the owner of a cell phone and pays the bill for her cell phone account. Her cell phone number is 636-XXX-9693.

40. Buchmiller is a real estate agent.

41. Buchmiller did not provide her cell phone number to Defendants.

42. Buchmiller had no prior business relationship with Defendants.

43. Buchmiller did not grant Defendants prior express written consent to be contacted on her cell phone.

44. Buchmiller had, in fact, placed her number on a do not call registry.

45. On or about July 16, 2019, Buchmiller received a text message from Defendants on her cell phone. The text message stated that it was sent from short code 484848. The text message stated:

> Lyn, New Health Insurance available with CIGNA (30% less than Obamacare). PPOs designed for realtors. Get a plans (sic) specific to your needs. Reply Yes.

46. On information and belief, Hunter subsequently contacted Buchmiller about the text message sent to her.

47. The text message sent to Buchmiller by Defendants was sent for the purpose of selling insurance products.

48. Defendants' conduct injured Jones, Buchmiller and the putative class members because their privacy has been violated, and they were subject to annoying and harassing text messages that constituted a nuisance. Defendants' text messages intruded upon the rights of Jones,

5

Buchmiller and the putative class members to be free from invasion of their interest in seclusion.

49. Defendants' conduct injured Jones, Buchmiller and the putative class members because they wasted time addressing or otherwise responding to the unwanted text messages to their cellular phones.

50. On information and belief, Defendants placed text messages *en masse* to cellular phones for the purpose of selling its products and services. Defendants placed those calls to Jones, Buchmiller and putative class members without first obtaining their prior express written consent.

### Count I - Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

51. Jones and Buchmiller incorporate by reference the allegations of the previous paragraphs as if fully stated in this count.

52. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using [a] prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

53. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

54. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

55. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

56. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

**Class Allegations**

57. Pursuant to Federal Rule of Civil Procedure 23, Jones and Buchmiller bring this lawsuit as a class action on behalf of themselves and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, adequacy of representation, predominance and superiority.

58. Jones and Buchmiller seek to represent the following class:

> All persons in the United States who, from August 2, 2015 to the present, who received a text message on their cell phone from Defendants or someone acting on their behalf and did not provide Defendants their prior express written consent to receive such text messages.

59. On information and belief, Defendants used an automatic telephone dialing system to send text messages to Jones's cellular phone and to the putative class members' cellular phones. The device or devices Defendants used to place the telephone calls to cellular numbers had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

60. On information and belief, Defendants sent text messages to the cell phones of Jones, Buchmiller, and the putative class members without first obtaining the recipients' prior

7

express written consent to send them such text messages.

61. On information and belief, Defendants sent text messages *en masse* to hundreds, if not thousands, of cellular telephone numbers using an automatic telephone dialing system.

62. On information and belief, Jones, Buchmiller, and the putative class members' cell phone numbers were included on lists stored in the device or devices of the system or systems used by Defendants to send the text messages and Defendants used the device or devices to send text messages to the lists of numbers.

63. On information and belief, the text messages sent to Jones, Buchmiller and the class members were sent by a system with the capability to send text messages at automatically scheduled intervals.

64. On information and belief, the device or devices used by Defendants to send text messages to Jones, Buchmiller and the putative class members had the ability to automatically insert the name of the text message recipient from a list so as to make the text messages appear to be personalized.

65. On information and belief, the content of the text messages received by Jones and Buchmiller is generic and identical or substantially similar to the text messages received by many of the putative class members.

66. Defendants' conduct as described in this suit violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l) and the TCPA's corresponding statutes and regulations.

67. Jones, Buchmiller and the putative class members are entitled to damages of $500.00 per text message sent by Defendants and up to $1,500.00 per call if the Court finds that Defendants willfully violated the TCPA.

68. On information and belief, there are hundreds or thousands of people in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

69. Jones and Buchmiller's claims are typical of the class they seek to represent. Jones, Buchmiller and the putative class members were sent text messages by Defendants through an automatic telephone dialing system and did not provide prior express written consent to be called on their cellular phones. Jones and Buchmiller's claims and the claims of the putative class members are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Jones, Buchmiller and the putative class members.

70. There are questions of law and fact common to the class. Common questions include, but are not limited to:

   a. Whether Defendants sent text messages to the cellular phones of Jones and the putative class members without first obtaining the recipients' prior express written consent;

   b. Whether Defendants sent text messages to the cellular phones of Jones and the putative class members using an automatic telephone dialing system;

   c. Whether Defendants' conduct violates the provisions of the TCPA, 47 U.S.C. § 227, *et seq.*;

   d. Whether Defendants' conduct violates the rules and regulations implementing the TCPA; and,

   e. Whether Jones, Buchmiller and putative class members are entitled to increased damages based on the willfulness of Defendants' conduct.

71. Jones and Buchmiller will fairly and adequately represent the putative class members. Jones and Buchmiller have retained counsel experienced in the prosecution of class

actions. Jones and Buchmiller are committed to vigorously prosecuting the claims presented in this petition. Neither Jones and Buchmiller nor their counsel have any interests adverse or in conflict with the absent class members.

72. The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

73. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

## Demand for Judgment

WHEREFORE Plaintiffs Nathan C. Jones and Lyn J. Buchmiller, individually, and on behalf of all others similarly situated, requests the Court enter judgment against the Defendants in excess of $75,000.00 and grant the following relief:

a. Enter an order against Defendants pursuant to Federal Rule of Civil Procedure 23, certifying this action as a class action and appointing Nathan C. Jones and Lyn J. Buchmiller as representatives of the class;

b. Enter an order appointing Butsch Roberts & Associates LLC and Molner Law Group, LLC as counsel for the class;

c. Enter judgment in favor of Jones and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendants willfully violated the TCPA;

d. Award Jones and Buchmiller and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

e. Award Jones and Buchmiller and the class such further and other relief the Court deems just and appropriate.

**Jury Trial Demanded**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
Christopher E. Roberts KS #24528
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
croberts@butschroberts.com

**MOLNER LAW GROUP, LLC**
Mark D. Molner KS #24493
300 E. 39th Street, Suite 1G
Kansas City, MO 64113
(816) 281-8549 (telephone)
(816) 817-1473 (fax)
mark@molnerlaw.com

**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Christopher E. Roberts