## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS (Kansas City)

### CASE NO.:  2:19-cv-02534-CM-JPO

NATHAN   C.   JONES,   and   LYN   J.                **CLASS ACTION**
BUCHMILLER, individually and on behalf of
all other similarly situated,

      Plaintiff,

      v.

USHEALTH GROUP, INC., and USHEALTH
ADVISORS, LLC,

      Defendants.
_____/

### DEFENDANT USHEALTH ADVISORS, LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND INCORPORATED BRIEF IN SUPPORT, AND PARTIAL JOINDER IN DEFENDANT USHEALTH GROUP, INC.'S MOTION TO DISMISS

Defendant, USHEALTH Advisors, LLC ("USHA"), pursuant to Federal Rules of Civil

Procedure 12(b)(1), 12(b)(2) and 12(b)(6), and Local Rule 7.6, moves to dismiss Plaintiffs

Nathan C. Jones ("Jones") and Lyn J. Buchmiller's ("Buchmiller") (together referred to as

"Plaintiffs") First Amended Complaint ("Complaint"), and submits this Brief in Support, and

provides notice of USHA's joinder in Sections II, III, VII, and VIII of USHEALTH Group,

Inc.'s ("USHG") Motion to Dismiss the First Amended Complaint ("USHG's Motion") (Dkt No.

10).

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .............................................................................................. ii

NATURE OF THE MATTER BEFORE THE COURT ............................................................. 1

STATEMENT OF FACTS ................................................................................................. 1

STATEMENT OF QUESTIONS PRESENTED ........................................................................ 2

ARGUMENT ................................................................................................................. 2

   I.    INTRODUCTION ..................................................................................................... 2

   II.    LEGAL STANDARD ............................................................................................. 5

      a.  12(b)(1) ........................................................................................................ 5

      b.   12(b)(2) ...................................................................................................... 5

      c.  12(b)(6) ....................................................................................................... 7

   III.    PLAINTIFFS HAVE NO ARTICLE III STANDING .................................................. 8

   IV.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER USHA WITH RESPECT TO BUCHMILLER'S CLAIM ................................................................................. 8

      d.   This Court Lacks General Personal Jurisdiction Over USHA .................................... 8

      e.   This Court Does Not Have Specific Personal Jurisdiction Over USHA For Buchmiller's Claim ..................................................................................................................... 9

   V.    THE COURT LACKS PERSONAL JURISDICTION OVER USHA WITH RESPECT TO NON-RESIDENT CLASS MEMBERS ........................................................................... 11

   VI.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST USHA ........................ 11

CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

Cases

*Asahi Metal Industry Co. v. Superior Court*,
    480 U.S. 102 (1987).................................................................................................. 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................. 7

*Basso v. Utah Power & Light Co.*,
    495 F.2d 906 (10th Cir. 1974) ................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................. 7

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
    137 S. Ct. 1773 (U.S. 2017)................................................................................... 10

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).................................................................................................. 9

*Cardenas v. Spinnaker Resorts, Inc.*,
    No. CV 16-2466 (JLL), 2017 WL 3315285 (D.N.J. Aug. 3, 2017)........................ 10

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2013)................................................................................................ 8

*Edison Trust Number One v. Patillo*,
    No. 10–1159, 2010 WL 5093831 (D.Kan. Dec. 8, 2010)........................................ 7

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*,
    618 F.3d 1153 (10th Cir. 2010) ............................................................................... 6

*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*,
    17 F.3d 1302 (10th Cir. 1994) ................................................................................. 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011)..................................... 6, 8

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984)........................................................................................... 8, 11

*Holt v. United States*,
    46 F.3d 1000 (10th Cir. 1995) ................................................................................. 5

*In re Motor Fuel Temperature Sales Practices Litig.*,
    534 F. Supp. 2d 1214 (D. Kan. 2008)...................................................................... 8

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of
    1991*, 30 FCC Rcd. 7961, 2015 WL 4387780 (2015)............................................. 3

*Inspired by Design, LLC v. Sammy's Sew Shop, LLC*,
    200 F. Supp. 3d 1194 (D. Kan. 2016) ..................................................................... 6

*Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*,
    205 F.3d 1244 (10th Cir. 2000) ............................................................................... 6

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945).................................................................................................. 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994).................................................................................................. 5

*Montoya v. Chao*,
    296 F.3d 952 (10th Cir. 2002) ................................................................................. 5

*Newsome v. Gallacher*,
    722 F.3d 1257 (10th Cir.2013) ................................................................ 6
*Phillips v. Bell*,
    365 Fed.Appx. 133 (10th Cir. 2010) ........................................................ 7
*Spratley v. FCA US LLC*,
    No. 317CV0062MADDEP, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017) ........................... 10
*Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*,
    896 F. Supp. 2d 1049 (D. Kan. 2012) ........................................................ 7
*Tal v. Hogan*,
    453 F.3d 1244 (10th Cir. 2006) ............................................................. 7
*Thomas v. Taco Bell Corp.*,
    879 F. Supp. 2d 1079 (C.D. Cal. 2012) ................................................... 12
*Volt Delta Res., Inc. v. Devine*,
    740 P.2d 1089 (Kan. 1987) .................................................................. 6
*Walden v. Fiore*,
    134 S. Ct. 1115 (U.S. 2014) ................................................................ 9
*Wheeler v. Hurdman*,
    825 F.2d 257 (10th Cir.) ................................................................... 5
*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ........................................................................ 6

Statutes

28 U.S.C. §§ 1331–32 .......................................................................... 5
47 U.S.C. § 227 .............................................................................. 2

Rules

Federal Rule of Civil Procedure 12 .................................................... 1, 5, 7

## NATURE OF THE MATTER BEFORE THE COURT

USHA has moved to dismiss the Complaint for lack of subject matter jurisdiction; lack of personal jurisdiction with respect to Buchmiller and putative nationwide class members; and failure to state a claim upon which relief can be granted.[1]   This Court lacks subject matter jurisdiction because Plaintiffs lack Article III standing.   This Court lacks personal jurisdiction over USHA as to Buchmiller and for purposes of the nationwide class allegations.   Finally, Plaintiffs have failed to state a claim for relief against USHA because they have not sufficiently alleged that USHA is directly or vicariously liable for the alleged conduct of the third parties identified in the Complaint.

## STATEMENT OF FACTS

1.      USHA is a Texas limited liability company with its principal place of business in Fort Worth, Texas, and USHA has *no contacts* with the State of Kansas.   Ex. A at ¶ 3, 7-9, 11-12.

2.      USHA is a licensed insurance agency, and is a wholly owned subsidiary of USHG.    USHA and USHG are separate and distinct entities.   Each company has its own governing board and holds separate meetings of its governing body; makes independent decisions without the approval of the other, including but not limited to hiring decisions; and employs separate accounting procedures and maintains separate records.  *Id.* at ¶¶ 4-5.

---

[1] To be clear, USHA's decision not to challenge personal jurisdiction with regard to Jones does not mean that USHA agrees that Jones has sufficiently alleged any conduct by USHA, or that there is a principal-agent relationship, or any other type of legal relationship between USHA and the independent insurance agents identified in the Complaint, that would subject USHA to any liability in this case.   As described more fully below and in the joined portions of USHG's Motion, USHA denies Plaintiffs' "agency" allegations, to the extent that they exist, or that USHA engaged in any conduct violative of the TCPA, and will defend those claims vigorously against both Plaintiffs if their claims are not dismissed.

3.      USHA did not make send text messages to Plaintiffs, and does not conduct telemarketing or send text messages to solicit sales from potential customers, in Kansas or in any other State.  *Id*. at ¶¶ 14-16.

4.      USHA has no right to control the activities of any of the individuals alleged in the Complaint to have sent text messages to Plaintiffs.  *Id.* at ¶¶ 6, 13.

5.      Buchmiller is an admitted resident of St. Louis County, Missouri.  Compl. at ¶ 2.

6.      Jones alleges he received two text messages, and Buchmiller alleges she received one text message.  Compl. at ¶¶ 29, 30, 45.

7.      USHA has never owned or used the telephone number (913) 562-6134, or short code 484848 – the telephone numbers allegedly used to text Plaintiffs.  Ex. A at ¶ 10.

## STATEMENT OF QUESTIONS PRESENTED

1.      Whether Plaintiffs have Article III standing.

2.      Whether USHA is subject to personal jurisdiction in the State of Kansas as to Buchmiller's claim.

3.      Whether USHA is subject to personal jurisdiction in the State of Kansas for the claims of non-resident putative class members.

4.      Whether Plaintiffs have sufficiently stated a claim for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## ARGUMENT

## I.      INTRODUCTION

Plaintiffs filed a one-count Complaint for purported violations of the TCPA, alleging that Buchmiller received *one* text message from Gerald Hunter – a non-party – and Jones received *two* text messages from Chad Beisel – another non-party – that offered assistance with obtaining

healthcare insurance coverage.  Compl. at ¶¶ 29, 30, 45.  According to Plaintiffs, their alleged injuries for their phones capturing these three text messages included the following: "their privacy has been violated," "they were subject to annoying and harassing text messages that constituted a nuisance," the texts invaded "their interest in seclusion," and "they wasted time addressing or otherwise responding to the unwanted text messages to their cellular phones."  *Id.* at ¶¶ 48, 49. Plaintiffs make no allegations about what they were doing or where they were when the alleged texts were received, or that their telephones even rang or vibrated.  Plaintiffs do not allege that they responded to the texts in any manner or that the texts cost them a cent or in any way adversely impacted the utility of their cellular telephones.  The Complaint nevertheless demands trebled statutory damages for Plaintiffs and all members of a proposed nationwide class.  *Id.* at 10 ("Demand for Judgement" c.).

The facts alleged in the Complaint do not establish Article III standing, as the Eleventh Circuit has recently made clear in *Salcedo v. Hanna*.  Plaintiffs have failed to demonstrate that they suffered a concrete, actual injury as a result of their purported receipt of a single text message, or in Jones' case, two text messages.  Their cursory allegations that their privacy was somehow invaded or that they suffered actual, actionable harm through receipt of the text messages, if deemed adequate, renders the constitutional requirements for standing a nullity.  The TCPA is a statute that is often used to engage in judicial extortion,[2] and Plaintiffs' attempt to create a class action and windfall damages through the combined three text messages that they allegedly received pushes the law considerably beyond common sense.  It should be concluded that they

---

[2]  As observed by Ajit Pai, the current chairman of the Federal Communications Commission, "the TCPA has become the poster child for lawsuit abuse, with the number of TCPA cases filed each year skyrocketing from 14 in 2008 to 1,908 in the first nine months of 2014," and that, "in practice the TCPA has strayed far from its original purpose."  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 8073, 2015 WL 4387780 at *80, 81 (2015) (Pai, dissenting).

have not alleged and did not suffer a concrete injury-in-fact and, as a result, this action should be dismissed with prejudice.

If the Court disagrees, it should still dismiss Buchmiller's claim against USHA because her claim bares no nexus this forum.  She is an admitted resident of St. Louis County, Missouri, so there can never be a connection between the alleged text message she received in Missouri and the State of Kansas.  Further, the Court should dismiss the nationwide class allegations because the Court lacks personal jurisdiction over USHA for non-resident putative class members.

Lastly, by Plaintiffs' pleading, this case is not about the conduct of USHA, nor is it about some other person or entity acting with the authority of USHA.  It is about individual licensed insurance agents[3] with various States allegedly texting Plaintiffs' cellular telephones with information regarding healthcare insurance coverage.  But there is *no agency relationship* between USHA and the licensed health insurance agents, and Plaintiffs have made no non-conclusory agency allegations that could subject USHA to liability under any theory of vicarious liability.  The Complaint's conclusory allegations improperly lump USHA with its independent contractors but provides no factual support to infer any level of control by USHA over the independent contractors.  Quite simply, Plaintiffs have failed to allege any non-conclusory conduct by USHA whatsoever – or any basis to believe the texts were sent by or on behalf of USHA.  Plaintiffs' conclusory assertions are not enough to state a plausible claim for relief under

---

[3] The use of terms "licensed insurance *agent*" and "insurance *agent*" should not be misconstrued to infer an agency relationship between the licensed insurance agents and USHA.  The term "agent" in the context of the insurance industry has a meaning distinct from the legal term of art used to describe a principal and agent relationship.  When an individual is licensed by a state to sell insurance products, they become "licensed insurance agents."  These insurance agents usually contract with one or more insurance providers to sell insurance services and products.  Thus, they are "insurance agents" as licensed by the state – not agents controlled by a principal (unless such facts are shown by a party attempting to prove a principal/agent relationship).

the TCPA.

## II.    <u>LEGAL STANDARD</u>

### a.  12(b)(1)

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where diversity of citizenship exists.  28 U.S.C. §§ 1331–32.  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).  Since federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden to prove it exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be premised on a facial or factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  A facial attack challenges the sufficiency of the complaint's allegations.  *See id.*  In contrast, a factual attack questions the existence of subject matter jurisdiction in fact. *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir.)*, cert. denied*, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987).  Because a factual attack challenges a court's power to hear the case, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts,"  *Holt*, 46 F.3d at 1003.

### b.  12(b)(2)

To establish personal jurisdiction over a defendant, a plaintiff must show that jurisdiction

is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). The Kansas long-arm statute authorizes courts to exercise personal jurisdiction to the fullest extent allowed under the Constitution of the United States. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)). Due process requires that a nonresident defendant have such "minimum contacts with the forum state that he should reasonably anticipate being haled into court there", and that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159–60 (10th Cir. 2010); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Two types of personal jurisdiction have evolved from these due process principles: general jurisdiction and specific jurisdiction. General personal jurisdiction is satisfied when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (citation and internal quotation omitted). Specific personal jurisdiction exists when a plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum. *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir.2013). In order to assert specific personal jurisdiction, Plaintiffs must show that their claims arise out of or relate specifically to activities that USHA purposefully directed at Kansas. *Inspired by Design, LLC v. Sammy's Sew Shop, LLC*, 200 F. Supp. 3d 1194, 1206 (D. Kan. 2016).

Unless the court holds an evidentiary hearing, at the motion-to-dismiss stage a plaintiff

need only establish a *prima facie* case of personal jurisdiction. *Edison Trust Number One v. Patillo*, No. 10–1159, 2010 WL 5093831, at *1 (D.Kan. Dec. 8, 2010). Under a *prima facie* standard, the Plaintiffs' allegations are presumed true and all factual disputes are resolved in the Plaintiffs' favor, but the ultimate burden remains on the Plaintiffs' to demonstrate the existence of jurisdiction by a preponderance of the evidence. *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 896 F. Supp. 2d 1049, 1056 (D. Kan. 2012).

### c. 12(b)(6)

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). *Phillips v. Bell*, 365 Fed.Appx. 133, 137 (10th Cir. 2010). To satisfy the pleading requirements, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A "sheer possibility that the defendant has acted unlawfully" is insufficient, and "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555-56. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557. A complaint therefore must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action therefore will not suffice. *Twombly*, 550 U.S. at 555. In determining the sufficiency of a complaint, the court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the non-moving party, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir.

7

2006), but need not credit bald assertions or legal conclusions when deciding a motion to dismiss. *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

## III.  PLAINTIFFS HAVE NO ARTICLE III STANDING

USHA joins and incorporates by reference Section III ("PLAINTIFFS HAVE NO ARTICLE III STANDING") of USHG's Motion as if fully stated herein.  As explained in USHG's Motion, Plaintiffs have not and cannot allege the type of concrete harm that meets the injury-in-fact requirement of Article III.  Therefore, the Complaint should be dismissed with prejudice.

## IV.  THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER USHA WITH RESPECT TO BUCHMILLER'S CLAIM

Buchmiller is an admitted resident of St. Louis County, Missouri.  SOF ¶5; Compl. at ¶ 2. She has not alleged any connection between the supposed conduct giving rise to her claim and this forum, therefore specific personal jurisdiction cannot exist for her claim in this forum.  As USHA is not subject to general personal jurisdiction in the State of Kansas, Buchmiller's claim must be dismissed.

### d.  This Court Lacks General Personal Jurisdiction Over USHA

General personal jurisdiction exists if a defendant's contacts arise from continuous, systematic, and substantial presence in the forum state.  *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415 (1984).  The Supreme Court has clarified that to establish general personal jurisdiction over corporate entities such as USHA, its "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State,'" akin to the "paradigm bases for general jurisdiction" of a corporation's place of incorporation or principal place of business.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2013) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

Nothing in the Complaint suggests that USHA has the continuous and systematic contacts required for general personal jurisdiction, nor could it.  USHA was organized under the laws of the State of Texas and its principal place of business is Fort Worth, Texas.  As made clear in the accompanying Declaration of James White, attached as Exhibit A, USHA lacks the continuous and systematic jurisdictional contacts with the State of Kansas to render it "essentially at home" there.  *See* Statement of Facts ("SOF") ¶ 1; Ex. A at ¶¶ 3, 7-9, 11-12.  Accordingly, there is no basis for the Court to find a *prima facie* showing of general jurisdiction over USHA.

**e. This Court Does Not Have Specific Personal Jurisdiction Over USHA For Buchmiller's Claim**

Specific jurisdiction over USHA is also lacking for Buchmiller.  Specific jurisdiction requires that a defendant purposefully directed its activities at the State of Kansas, and that a plaintiff's claimed injury arose from those same activities.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State."  *Burger King*, 471 U.S. at 474-75.  Thus, to show minimum contacts, Buchmiller is required to point to "*an action of [USHA] purposefully directed toward the forum State.*"  *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (emphasis added).  It is black letter law that the "*'minimum contacts' necessary to create specific jurisdiction . . . . must arise out of contacts that the 'defendant himself' creates with the forum State.*"  *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (U.S. 2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis added).  The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."  *Id.* (collecting cases).

Here, Buchmiller's allegations lack any connection to *this forum*.  Buchmiller is a

resident of Missouri, not Kansas, and she does not allege to have a phone number with a Kansas area code or that she was in Kansas when she received the alleged text.  She also does not allege that the alleged text was sent into or out of Kansas.  Accordingly, there could not be any cognizable contacts between USHA and Kansas with respect to Buchmiller's claim

Buchmiller also cannot rely on Jones' residency or jurisdictional allegations because "a specific jurisdiction analysis is necessarily claim specific" and plaintiff specific.  *See Cardenas v. Spinnaker Resorts, Inc.*, No. CV 16-2466 (JLL), 2017 WL 3315285, at *4 (D.N.J. Aug. 3, 2017) (finding that "personal jurisdiction over one of the defendants as to a particular claim asserted by [a particular plaintiff] does not necessarily mean that it has personal jurisdiction over that same defendant as to [another plaintiff]'s other claims.").  Buchmiller admits that she is a resident of Missouri, not Kansas.  Compl. at ¶ 2.  Thus there is no basis for personal jurisdiction over USHA in Kansas.  While Jones alleges that he is a Kansas resident, none of the purported texts to Jones could have affected ***Buchmiller*** given her Missouri residency.  Any jurisdictional contacts that may have been created with respect to other persons that, unlike Buchmiller, are in Kansas, fail to provide the requisite link for specific personal jurisdiction between Buchmiller's claim and conduct directed at Kansas.

The Supreme Court specifically rejected such an approach in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (U.S. 2017), explaining that "[t]he mere fact that *other* plaintiffs . . . allegedly sustained the same injuries [in the forum] as did the nonresidents – does not allow the State to assert specific jurisdiction over the nonresidents' claims."  *See also Spratley v. FCA US LLC*, No. 317CV0062MADDEP, 2017 WL 4023348, *7 (N.D.N.Y. Sept. 12, 2017) ("Similarly, in this case, the out-of-state Plaintiffs have shown no connection between their claims and Chrysler's contacts with New York.

Therefore, the Court lacks specific jurisdiction over the out-of-state Plaintiffs' claims."). Thus, Buchmiller's claim against USHA must be dismissed for lack of personal jurisdiction.

## V.     THE COURT LACKS PERSONAL JURISDICTION OVER USHA WITH RESPECT TO NON-RESIDENT CLASS MEMBERS

USHA joins and incorporates by reference Section VII ("THE COURT LACKS PERSONAL JURISDICTION OVER USHG WITH RESPECT TO NON-RESIDENT CLASS MEMBERS") of USHG's Motion as if fully stated herein. As described above, there can be no debate that USHA is not within the Court's general personal jurisdiction, which only exists if a defendant's contacts arise from continuous, systematic, and substantial presence in the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 415 (1984). *See supra* at Section IV(d). Therefore, for the same reasons described in USHG's Motion, the specific jurisdiction as to the named Plaintiffs' claims does not subject USHA to the Court's jurisdiction for non-resident putative class members, and the nationwide class allegations should be dismissed.

## VI.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST USHA

USHA joins and incorporates by reference Section VIII ("THE COMPLAINT FAILS TO STATE A CLAIM AGAINST USHG") of USHG's Motion as if fully stated herein, and adds the following:

As USHG's Motion makes clear, Plaintiffs' have failed to allege direct liability under the TCPA against USHA because they allege that third parties Chad Beisel and Gerald Hunter – not USHA directly – sent the text messages. As to vicarious liability, while the Complaint identifies Beisel and Hunter as "USHEALTH Advisors Agents," (Compl. at ¶¶ 19, 35), such bare allegations are not sufficient to allege a theory of vicarious liability under the TCPA.

In the context of the TCPA, to establish an agency relationship, the alleged principal must

have "controlled or had the right to control [the alleged agents] and, more specifically, the manner and means of the [telemarketing] campaign they conducted." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678, 679 (9th Cir. 2014).  Nothing remotely along these lines is alleged in the Complaint.  Nor could Plaintiffs do so with respect to USHA.  As averred in the accompanying declaration, USHA did not control, direct, or authorize any person to send the text messages described in the Complaint or any other text messages with an auto-dialer.  SOF ¶ 4; Ex. A at ¶¶ 6, 13.  Of course, the Court must take Plaintiffs' well-pled allegations as true for purposes of a 12(b)(6) motion, but there are no well-pled allegations in the Complaint sufficient to infer an agency relationship.  Plaintiffs have presented no non-conclusory allegations showing that USHA exercised any direction or control over the independently licensed insurance agents necessary to make them USHA's agents for purposes of vicarious liability.  Plaintiffs' claims must be dismissed for failure to state a claim.

<u>**CONCLUSION**</u>

For the foregoing reasons, USHA requests that this Court dismiss Plaintiffs' Complaint with prejudice, and award such further relief as this Court deems just and proper.

Dated:  September 30, 2019                    Respectfully submitted,

                                                         By: */s/ Scott L. Brown*
                                                         SCOTT L. BROWN
                                                         Blake & Uhlig, P.A.
                                                         475 New Brotherhood Building
                                                         753 State Avenue
                                                         Kansas City, KS 66101
                                                         (913) 321-8884
                                                         (913) 321-2396 – Fax
                                                         slb@blake-uhlig.com

                                                         AND

                                                         GREENSPOON MARDER LLP

                                                         Jeffrey A. Backman (*pro hac vice* pending)

Florida Bar No. 662501
Gregg I. Strock (*pro hac vice* pending)
Florida Bar No. 1010140
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL  33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
marie.kusek@gmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2019, a true and correct copy of the foregoing document was forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure.

By: */s/ Scott L. Brown*
    Scott L. Brown