## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## AT KANSAS CITY

| | | |
|---|---|---|
| NATHAN C. JONES and LYN J. BUCHMILLER, individually, and on behalf of all other similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | **Case No.: 2:19-cv-02534-CM-JPO** |
| vs. | ) ) | **CLASS ACTION** |
| USHEALTH GROUP, INC., and USHEALTH ADVISORS, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS OR, ALTERNATIVELY, TO BIFURCATE DISCOVERY

Defendants USHEALTH Group, Inc., and USHEALTH Advisors, LLC, ("Defendants"), pursuant to Local Rules 7.1 and 7.4, submit this Memorandum in Support of their Motion to Stay Proceedings in this action pending the decision of the United States Supreme Court in *Barr v. American Association of Political Consultants*, No. 19-631,[1] or, alternatively, to bifurcate discovery to determine whether an automatic telephone dialing system ("ATDS") was used to send text messages to Plaintiff.

---

[1] Defendants note that they have pending motions to dismiss the First Amended Complaint, (ECF 10 and 11). The filing of this Motion to Stay does not waive any of the defenses or challenges asserted by Defendants. *See Propane Res. Supply & Mktg., L.L.C. v. G.J. Creel & Sons, Inc.*, No. 12-2758-JTM, 2013 WL 1446784, at *2 (D. Kan. Apr. 9, 2013); *see also Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 678 (11th Cir. 2009) ("[A] motion to stay is neither a responsive pleading nor a motion made under Rule 12, and thus does not operate as a waiver of [a] defense," including lack of personal jurisdiction, "under Rule 12(h).").

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES...........................................................................................................ii

NATURE OF THE MATTER BEFORE THE COURT.................................................................. 1

STATEMENT OF FACTS ............................................................................................................. 1

STATEMENT OF QUESTIONS PRESENTED.............................................................................. 1

PRELIMINARY STATEMENT..................................................................................................... 2

ARGUMENT ................................................................................................................................. 4

      I.    THE APPLICABLE LEGAL STANDARD.................................................................... 4

      II.   THE PROCEEDINGS SHOULD BE STAYED PENDING THE RULING IN *AAPC*.. 6

          A.  A Decision in *AAPC* is Imminent and May Dispose of this Suit ................................ 6

          B.  Staying This Action Will Conserve Judicial Resources ................................................ 8

          C.  A Stay Will Benefit the Public Interest......................................................................... 9

          D.  None of the Parties Will Suffer a Hardship or Prejudice from a Stay ........................ 10

      III.   ALTERNATIVELY, DISCOVERY SHOULD BE BIFURCATED TO ADDRESS WHETHER AN ATDS WAS USED PRIOR TO CLASS-WIDE DISCOVERY ................. 10

CONCLUSION............................................................................................................................. 13

## TABLE OF AUTHORITIES

**Other Authorities**

*Acton v. Intellectual Capital Mgmt., Inc.*,
No. 15-CV-4004(JS)(ARL), 2015 WL 9462110 (E.D.N.Y. Dec. 28, 2015) ............................... 4
*Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*,
923 F.3d 159 (4th Cir. 2019) ...................................................................................... 2, 7
*Antoine v. Sch. Bd. of Collier Cty.*,
No. 216CV379FTM38MRM, 2018 WL 9617243 (M.D. Fla. Apr. 18, 2018) ..........................11
*Asher v. Quicken Loans, Inc.*,
No. 2:17-CV-1203, 2019 WL 131854 (D. Utah Jan. 8, 2019) ............................................... 3, 12
*Barnes v. CS Mktg. LLC*,
No. 19-24218-CIV, 2020 WL 30373 (S.D. Fla. Jan. 2, 2020) ...................................................... 8
*Barr v. American Ass'n of Political Consultants*,
No. 19-631, 2020 WL 113070 (U.S. Jan. 10, 2020) ............................................................. 1, 2
*Beal v. Outfield Brew House, LLC*,
No. 2:18-CV-4028-MDH, 2020 WL 618839 (W.D. Mo. Feb. 10, 2020) ........................... 12, 13
*Boise v. ACE USA, Inc.*,
No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015) ................................. 6, 8, 9, 10
*Clinton v. Jones,*
520 U.S. 681 (1997)................................................................................................................ 5
*Cmty. State Bank v. Strong*,
651 F.3d 1241 (11th Cir. 2011) ............................................................................................. 4
*Daimler-Benz Aktiengesellschaft v. U.S. Dist. Court for W. Dist. of Oklahoma*,
805 F.2d 340 (10th Cir. 1986) .............................................................................................. 4
*DeCapua v. Metro. Prop. & Cas. Ins. Co.*,
No. CV 18-00590-WES, 2019 WL 4757995 (D.R.I. Sept. 30, 2019) ...................................... 13
*Dimmitt v. City of Clearwater*,
985 F.2d 1565 (11th Cir. 1993) ............................................................................................ 7
*Doe v. Unified Sch. Dist. No. 259*,
No. 05-1151-JTM, 2007 WL 1796202 n.6 (D. Kan. June 19, 2007) ......................................... 5
*Dominguez v. Yahoo, Inc.*,
894 F.3d 116 (3d Cir. 2018) .............................................................................................. 3, 12
*Duchene v. Westlake Servs., LLC*,
No. 2:13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015) ...................................... 8, 10
*Duran v. La Boom Disco, Inc.*,
369 F. Supp. 3d 476 (E.D.N.Y. 2019) ................................................................................. 13
*FDIC v. Renda*,
No. 85–2216–O, 1987 WL 348635 (D. Kan. Aug. 6, 1987)....................................................... 5
*First Nat'l Bank of Boston v. Bellotti*,
435 U.S. 765 (1978)................................................................................................................ 7
*Fleming v. Associated Credit Servs., Inc.*,
342 F. Supp. 3d 563 (D.N.J. 2018) ..................................................................................... 13
*Flying J Inc. v. Spring Commc'ns Co., L.L.P.*,
No. 1:99CV111TC, 2006 WL 1473338 (D. Utah May 22, 2006) ............................................ 8

*Gadelhak v. AT&T Servs., Inc.*,
  No. 19-1738, 2020 WL 808270 (7th Cir. Feb. 19, 2020)..................................................... 1, 3, 12
*Glasser v. Hilton Grand Vacations Co., LLC*,
  No. 18-14499, 2020 WL 415811 (11th Cir. Jan. 27, 2020)................................................. passim
*Gonzalez v. Pepsico, Inc.*,
  No. 06-2163-KHV, 2007 WL 1100204 (D. Kan. Apr. 11, 2007) ..........................................5, 11
*Greater New Orleans Broad. Ass'n v. United States*,
  527 U.S. 173  (1999)................................................................................................................ 7
*Horton v. Sw. Med. Consulting, LLC*,
  No. 17-CV-0266-CVE-MJX, 2017 WL 5075928 (N.D. Okla. Aug. 14, 2017) ......................... 5
*Jean v. City of Dallas, Texas*,
  No. 3:18-CV-2862-M, 2019 WL 4597580 (N.D. Tex. Sept. 22, 2019) ................................... 10
*Kutilek v. Gannon*,
  132 F.R.D. 296 (D.Kan.1990)................................................................................................11
*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)................................................................................................................. 4
*Lane v. XYZ Venture Partners, L.L.C.*,
  322 F. App'x 675 (11th Cir. 2009)........................................................................................... 1
*Lopez v. Miami-Dade County*,
  145 F. Supp. 3d 1206 (S.D. Fla. 2015).................................................................................... 9
*Luna v. Shac, LLC*,
  122 F. Supp. 3d 936 (N.D. Cal. 2015) ................................................................................... 13
*Menchacha-Estrada v. Synchrony Bank*,
  No. 2:17CV831DAK, 2017 WL 4990561 (D. Utah Oct. 30, 2017) ................................. 4, 8, 10
*Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*,
  559 F.3d 1191 (11th Cir. 2009) ............................................................................................... 4
*Norton v. Shelby County*,
  118 U.S. 425 (1886)................................................................................................................. 7
*Pendleton v. 1st Fin. Bank, USA*,
  No. CIV 16-4171, 2017 WL 4012043 (D.S.D. Sept. 11, 2017).................................................. 4
*Physicians Healthsource, Inc. v. Anda, Inc.*,
  No. 12-60798-CIV, 2012 WL 7856269 (S.D. Fla. Nov. 27, 2012) ..................................5, 11, 13
*Police Dep't of Chicago v. Mosley*,
  408 U.S.  92  (1972)................................................................................................................. 7
*Propane Res. Supply & Mktg., L.L.C. v. G.J. Creel & Sons, Inc.*,
  No. 12-2758-JTM, 2013 WL 1446784 (D. Kan. Apr. 9, 2013) .................................................. 1
*Quinn-White v. Novartis Pharm. Corp.*,
  No. CV 16-4300 PSG (AGRx), 2016 WL 11519285 (C.D. Cal. Oct. 7, 2016)........................ 10
*Rajput v. Synchrony Bank*,
  No. 3:15-CV-1079, 2016 WL 9724880 (M.D. Pa. Mar. 10, 2016) ........................................... 4
*Ramos v. Hopele of Fort Lauderdale, LLC*,
  334 F. Supp. 3d 1262 (S.D. Fla. 2018)............................................................................. 12, 13
*Rappa v. New Castle Cty.*,
  18 F.3d 1043 (3d Cir. 1994) .................................................................................................... 7
*Sorrell v. IMS Health Inc.*,
  564 U.S. 552 (2011)................................................................................................................. 7

*Southstar Capital Group, I, LLC v. 1662 Multifamily LLC*,
   No. 6:18-CV-1453-ORL-40DCI, 2019 WL 3752892 (M.D. Fla. Aug. 8, 2019) ........................ 9
*Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*,
   No. 6:15-CV-969-ORL-41DAB, 2015 WL 7444409 (M.D. Fla. Nov. 20, 2015)....................... 4
*Thompson v. Rally House of Kansas City, Inc.*,
   No. 15-00886-CV-W-GAF, 2016 WL 9023433 (W.D. Mo. Jan. 25, 2016) ........................... 4, 8
*Thompson-Harbach v. USAA Fed. Sav. Bank*,
   359 F. Supp. 3d 606 (N.D. Iowa 2019) ................................................................................ 13
*Transam Trucking, Inc. v. Fed. Motor Carrier Safety Admin.*,
   No. 14-2015-CM, 2014 WL 12902152 (D. Kan. Apr. 28, 2014)........................................... 4, 8
*Victor Co. v. Ortho Organizers, Inc.*,
   No. CIV.A. 96-2123-GTV, 1996 WL 704404 (D. Kan. Nov. 5, 1996) ....................................11
*Washington v. Brown & Williamson Tobacco Corp.,*
   959 F.2d 1566 (11th Cir.1992) ........................................................................................... 5, 6
*Williams v. Nationstar Mortg., LLC*,
   No. 6:16-CV-01357-TC, 2016 WL 6905382 (D. Or. Nov. 23, 2016) ....................................... 4
*Wolf v. U.S.,*
   157 F.R.D. 494 (D. Kan.1994).............................................................................................4, 11

## Regulations

§ 227(b)(1) ............................................................................................................................ 6, 7
§ 227(b)(1)(A)......................................................................................................................... 2, 6
47 U.S.C. § 227........................................................................................................................ 1
47 U.S.C. § 227(a)(1)............................................................................................................... 12

## Other

*Barr v. American Ass'n of Political Consultants*,
   No. 19-631, 2019 WL 6609436 (U.S. Dec. 4, 2019) ............................................................... 2
*The Best for Last: The Timing of U.S. Supreme Court Decisions*,
   64 Duke L.J. 991 ..................................................................................................................... 6

**NATURE OF THE MATTER BEFORE THE COURT**

Defendants have moved to stay proceedings in this action pending the decision of the United States Supreme Court in *Barr v. American Association of Political Consultants*, No. 19-631, regarding the constitutionality of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Alternatively, Defendants have moved to bifurcate discovery to first determine whether an automatic telephone dialing system ("ATDS") was used to send text messages to Plaintiff, and then conduct class-wide discovery if necessary.

**STATEMENT OF FACTS**

1.      In his First Amended Complaint, Plaintiff Nathan Jones ("Plaintiff") alleges that Defendants violated § 227(b)(1)(A) of the TCPA by sending text messages to Plaintiff using an ATDS. *See* ECF 6 at ¶¶52, 59.

2.      Within a matter of months, the Supreme Court of the United States is set to decide whether § 227(b)(1)(A) of the TCPA is an unconstitutional restriction on speech. *See  Barr v. American Ass'n of Political Consultants*, No. 19-631, 2020 WL 113070 (U.S. Jan. 10, 2020).

3.      The Seventh and Eleventh Circuits just recently clarified the definition of an ATDS. *See Gadelhak v. AT&T Servs., Inc.*, No. 19-1738, 2020 WL 808270, at *1 (7th Cir. Feb. 19, 2020); *Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499, 2020 WL 415811, at *2 (11th Cir. Jan. 27, 2020).

**STATEMENT OF QUESTIONS PRESENTED**

1.      Whether this action should be briefly stayed pending a potentially dispositive ruling from the Supreme Court of the United States in  *Barr v. American Ass'n of Political Consultants*, No. 19-631.

2.      Whether discovery in this action should be bifurcated in order to address the dispositive question of whether an ATDS was used to contact Plaintiff.

## PRELIMINARY STATEMENT

In his First Amended Complaint, Plaintiff alleges violations of the TCPA.  Specifically, Plaintiff contends that Defendants violated § 227(b)(1)(A) of the TCPA.  *See* ECF 6.  At present, this case is still in the motion to dismiss stage, with Defendants challenging, among other things, personal jurisdiction and Article III standing.[2]

Following a recent decision to grant *certiorari*, the United States Supreme Court is poised in approximately the next four months to determine whether the TCPA, and in particular the provision under which this lawsuit has been brought, remains valid law or if the Supreme Court agrees with the Fourth Circuit's ruling that  § 227(b)(1)(A)'s exemption for calls that relate solely to efforts to collect a debt owed to or guaranteed by the United States violates the Free Speech Clause of the First Amendment to the United States Constitution and is therefore unconstitutional, whether the entire provision is invalidated in full.  *See  Barr v. American Ass'n of Political Consultants*, No. 19-631, 2020 WL 113070 (U.S. Jan. 10, 2020) ("*AAPC*"); *See  Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, 923 F.3d 159, 166-68, 171 (4th Cir. 2019). Defendants intend to assert that First Amendment defense in any Answer, should one be required to be filed in this case.

Respondents in *AAPC* expressly sought review of the severability ruling and contend, as Defendants contend here, that the underlying restrictions on speech and the use of an automatic telephone dialing system or a prerecorded voice in § 227(b)(1)(A) should be invalidated as unconstitutional.  *See  Barr v. American Ass'n of Political Consultants*, No. 19-631, 2019 WL 6609436, *2 (U.S. Dec. 4, 2019) (Brief for Respondents in Support of *Certiorari*).  The Supreme

---

[2] However, discovery has started and multiple depositions have been taken, one of which, discussed later, demonstrates the substantial human involvement required to have sent the text messages at issue and the lack of any "random or sequential generation" of telephone numbers.

Court is expected to rule by the end of this term in June 2020.  That ruling may, as respondents in the appeal seek, invalidate the statute that is the source of Plaintiff's sole cause of action.  Under these circumstances, the interests of judicial economy and the public welfare, as well as the lack of any prejudice to Plaintiff, weighs heavily in favor of staying the proceedings in this action pending the outcome of *AAPC*.  Just recently, a court in the Middle District of Florida stayed a similar TCPA case pending a ruling from the Supreme Court in *AAPC*.  *See Wright et al. v EXP Realty, LLC*, Case. No 6:18-cv-1851-Orl-40EJK, ECF 99 (M.D. Fla. Feb. 7, 2020) (attached as Ex. A).

Additionally, the Eleventh and Seventh Circuits just recently clarified the definition of an ATDS, joining the Third Circuit in finding that random or sequential number generation is *required* in order for a telephone system to be considered an ATDS under the TCPA.[3]  *See  Gadelhak v. AT&T Servs., Inc.*, No. 19-1738, 2020 WL 808270, at \*1 (7th Cir. Feb. 19, 2020);  *Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499, 2020 WL 415811, at \*2 (11th Cir. Jan. 27, 2020); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018).  Thus, a system that dials from a list of pre-loaded numbers does not constitute an ATDS.  *See Gadelhak*, at \*1; *Glasser*, at \*2.  Further, a device is not an ATDS when it "requires meaningful human interaction to dial telephone numbers."  *Glasser*, at \*7-8. If the system used to allegedly contact Plaintiff is not an ATDS, then there is no liability under the TCPA.  So, if the Court does not stay the action entirely, then it should

---

[3] The only district court within the Tenth Circuit to address the issue has reached the same conclusion as the Seventh, Eleventh, and Third Circuits – that an ATDS is "equipment that possesses the capacity to *generate and dial random or sequential numbers*."  *Asher v. Quicken Loans, Inc.*, No. 2:17-CV-1203, 2019 WL 131854, at \*3 (D. Utah Jan. 8, 2019) (emphasis added).

bifurcate discovery to first address the merits of the ATDS allegations and then allow the parties

to proceed with appropriate class-wide discovery only if necessary.[4]

**ARGUMENT**

**I.      THE APPLICABLE LEGAL STANDARD**

The power to stay proceedings is incidental to the power inherent in every court to control

the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

and for litigants.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  Consequently, a district

court may stay a case pending the resolution of related proceedings in another forum.  *See Transam*

*Trucking, Inc. v. Fed. Motor Carrier Safety Admin.*, No. 14-2015-CM, 2014 WL 12902152, at \*3

(D. Kan. Apr. 28, 2014); *Daimler-Benz Aktiengesellschaft v. U.S. Dist. Court for W. Dist. of*

*Oklahoma*, 805 F.2d 340, 342 (10th Cir. 1986).  Courts in the District of Kansas have held that a

stay is appropriate where a pending ruling is likely to be dispositive of the case at bar.  *Wolf v. U.S.,*

157 F.R.D. 494, 494 (D. Kan. 1994).  Where "a federal appellate decision . . . is likely to have a

substantial or controlling effect on the claims and issues," a stay may be warranted.  *Tel. Sci. Corp.*

*v. Hilton Grand Vacations Co., LLC*, No. 6:15-CV-969-ORL-41DAB, 2015 WL 7444409, \*3

(M.D. Fla. Nov. 20, 2015) (quoting *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.,* 559

---

[4] Despite prior representations of counsel for Plaintiff to limit discovery in this case to the sending of text messages from the account and platform from which the text message Plaintiff allegedly received was sent, counsel recently served a subpoena upon the CRM platform used, iSales, requesting all documents and information associated with any and every individual that may have used the iSales platform – if that individual was associated with either of the Defendants.  But this case is only about the use of the iSales platform through the account of Chad Beisel that resulted in the text messages being sent to Plaintiff.  The deposition of Mr. Beisel revealed that there were approximately 100 such text messages sent as part of that "campaign," none of which were sent through the use of an ATDS.  Apparently realizing the lack of substantive merit to his claims, and the small "class" for which he could even request certification, Plaintiff is now trying to fish for discovery that may support some "other" case involving different text messages, different independent contractors associated with USHA, from different states throughout the country.

4

F.3d 1191, 1198 (11th Cir. 2009)).  Such stays are routinely issued when a pending Supreme Court

or Circuit Court ruling may be dispositive or significantly affect the case being stayed.[5]

In determining whether to grant a stay, courts examine general factors such as whether a

stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and

streamline trial; and reduce the burden of litigation on the parties and on the court.  *See FDIC v.*

*Renda,* No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. Aug. 6, 1987).  The proponent of a stay

has the burden of proving the requested stay is justified. *See Clinton v. Jones,* 520 U.S. 681, 708

(1997).

"Courts often bifurcate discovery in class action cases for the sake of efficiency." *See*

*Horton v. Sw. Med. Consulting, LLC*, No. 17-CV-0266-CVE-MJX, 2017 WL 5075928, at *1 (N.D.

Okla. Aug. 14, 2017) (citing *Doe v. Unified Sch. Dist. No. 259*, No. 05-1151-JTM, 2007 WL

1796202, at *1 n.6 (D. Kan. June 19, 2007).  *See also Gonzalez v. Pepsico, Inc.*, No. 06-2163-

KHV, 2007 WL 1100204, at *3 (D. Kan. Apr. 11, 2007) (collecting cases). Although "[c]ase law

in the Tenth Circuit and the District of Kansas offers little guidance as to what the court should

consider when determining whether to bifurcate class certification and merits discovery in a

would-be class action case," other courts have held that, "[i]n the class-action context, the Court

may, in the interests of fairness and efficiency, order discovery on issues of class certification while

postponing class-wide discovery on the merits." *Physicians Healthsource, Inc. v. Anda, Inc.*, No.

---

[5] *See*, *e.g.*, *Menchacha-Estrada v. Synchrony Bank*, No. 2:17CV831DAK, 2017 WL 4990561 (D. Utah Oct. 30, 2017); *Cmty. State Bank v. Strong*, 651 F.3d 1241 (11th Cir. 2011); *Rajput v. Synchrony Bank*, No. 3:15-CV-1079, 2016 WL 9724880 (M.D. Pa. Mar. 10, 2016); *Acton v. Intellectual Capital Mgmt., Inc.*, No. 15-CV-4004(JS)(ARL), 2015 WL 9462110 (E.D.N.Y. Dec. 28, 2015); *Thompson v. Rally House of Kansas City, Inc.*, No. 15-00886-CV-W-GAF, 2016 WL 9023433, at *5 (W.D. Mo. Jan. 25, 2016); *Williams v. Nationstar Mortg., LLC*, No. 6:16-CV-01357-TC, 2016 WL 6905382 (D. Or. Nov. 23, 2016); *Pendleton v. 1st Fin. Bank, USA*, No. CIV 16-4171, 2017 WL 4012043 (D.S.D. Sept. 11, 2017).

12-60798-CIV, 2012 WL 7856269, at *1 (S.D. Fla. Nov. 27, 2012) (citing *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1570–71 (11th Cir.1992)).  "The drafters of the Federal Rules of Civil Procedure similarly recognized that certification of a class may be delayed in order to conduct discovery on and dispose of a purported class representative's individual claims."  *Id.* (citing Fed. R. Civ. P. 23 advisory committee's note (2003) ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.")).

## II.    THE PROCEEDINGS SHOULD BE STAYED PENDING THE RULING IN *AAPC*

The applicable factors weigh in favor of granting a relatively brief stay of the proceedings of, at most, five months pending the Supreme Court's ruling in *AAPC*.  If the restriction of 47 U.S.C. § 227(b)(1)(A), which is the basis of Plaintiff's claims, (*see* ECF 6 at ¶¶52, 59), and which contains the "government debt collection" exemption at issue in *AAPC*, is invalidated as unconstitutional, that would be the end of this case.  Plainly, a court cannot enforce an unconstitutional statute.

### A.    A Decision in *AAPC* Is Imminent and May Dispose of This Suit

The requested stay will not be immoderate or indefinite in duration.  A stay is not immoderate or indefinite in duration where "[t]he Supreme Court has already granted *certiorari*," because that "means . . . a decision is imminent within a year."  *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, *6 (S.D. Fla. July 6, 2015).  Since the Supreme Court has granted *certiorari* in *AAPC*, this standard is met.  Moreover, according to a 2015 article from the Duke Law Review, which sampled 7,219 cases decided by the United States Supreme Court between 1946 and 2012, 99 percent of Supreme Court cases are decided in the same term in which *certiorari* is granted.  Lee Epstein, *et al.*, *The Best for Last: The Timing of U.S. Supreme Court Decisions*, 64 Duke L.J. 991, 993 nn.5 & 6 (2015).  It is therefore reasonable to expect a ruling in *AAPC* by the

6

end of June 2020, when the Supreme Court's current term will end.  Such a stay of, at most, five

months cannot be deemed to be of indefinite or immoderate length.

   If the Supreme Court finds that the prohibition on the use of automatic telephone dialing

systems or prerecorded voices set forth in § 227(b)(1) is an unconstitutional restriction on speech

that must be severed from the TCPA, then Plaintiff's claims would be extinguished.  Simply put,

"[a]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no

protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never

been passed."  *Norton v. Shelby County*, 118 U.S. 425, 442 (1886).

   As a general matter, when concluding that an exception to a speech restriction shows that

the restriction is unconstitutional, courts have consistently invalidated the restriction – as relevant

in this case, 47 U.S.C. § 227(b)(1)'s prohibition on the use of ATDS – and not just the exception

(because keeping the restriction in place would, ironically, result in more restricted speech).[6]  The

Eleventh Circuit recently suggested that it believes the entire law may be invalid on this ground in

a case that did not involve any attempts to collect debt issued or guaranteed by the United States.

*See Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499, 2020 WL 415811, *5 (11th Cir.

Jan. 27, 2020) ("[H]ow could it be consistent with the First Amendment to make exceptions for

---

[6] *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 563-66 (2011); *Greater New Orleans Broad. Ass'n v. United States*, 527 U.S. 173, 190 (1999); *Minneapolis Star & Tribune Co. v. Minn. Comm'r of Revenue*, 460 U.S. 575, 592-93 (1983); *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 795 (1978); *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 102 (1972). *See also*, *e.g.*, *Rappa v. New Castle Cty.*, 18 F.3d 1043, 1072-73 (3d Cir. 1994) (declining to sever unconstitutional exception to ordinance regarding content of advertising signs, even though "the rest of the statute could surely function independently," because "[e]liminating the offending exception would mean that we would be requiring the State to restrict more speech than it currently does"); *Dimmitt v. City of Clearwater*, 985 F.2d 1565, 1572 (11th Cir. 1993) (criticizing the district court for invalidating "only the exemption" to a permit requirement because that leaves plaintiff "in a worse position than if the City had prevailed, and thus the permit requirement "must also be declared unconstitutional as it exists in this statutory framework").

calls with a specific content, such as the exception for calls about government debts?") (citing *Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 169-171 (4th Cir. 2019)).   Thus, it is hardly a far-fetched notion that the Supreme Court may rule in a manner that will lead to the invalidation of the TCPA provisions at issue in this lawsuit.

It is hard to imagine a scenario that would be more dispositive to the case at bar than for the sole basis for Plaintiff's claim to be ruled unconstitutional, and thus unenforceable.   Numerous district courts have stayed TCPA lawsuits when an appellate court was set to issue a controlling ruling that was likely to have a substantial effect on narrowing or streamlining the claims and issues.[7]   Here, the potential outcome of the *AAPC* ruling could be to completely dispose of Plaintiff's TCPA claims.

### B.      Staying This Action Will Conserve Judicial Resources

A stay is appropriate at this time because of *AAPC's* potentially dispositive consequences for the case at hand.   Indeed, there is a distinct possibility that Plaintiff's claims will become null and void as a result of the Supreme Court's decision.   If that happens, "any judicial resources spent on this matter between now and then would essentially be to no avail." *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577, 2015 WL 5947669, *4 (W.D. Pa. Oct. 13, 2015).   "[A] reasonable and limited stay of these proceedings would conserve the resources of the parties and the court without significantly impairing plaintiff's interest in pursuing its claims against defendant[s]." *Transam Trucking, Inc. v. Fed. Motor Carrier Safety Admin.*, No. 14-2015-CM, 2014 WL 12902152, at *3 (D. Kan. Apr. 28, 2014) (J. Ohara).   "[T]he significant time, expense, and resources required to

---

[7] *See, e.g.*, *Barnes v. CS Mktg. LLC*, No. 19-24218-CIV, 2020 WL 30373, *3 (S.D. Fla. Jan. 2, 2020); *Menchacha-Estrada v. Synchrony Bank*, No. 2:17CV831DAK, 2017 WL 4990561, at *2 (D. Utah Oct. 30, 2017); *Flying J Inc. v. Spring Commc'ns Co., L.L.P.*, No. 1:99CV111TC, 2006 WL 1473338, at *1 (D. Utah May 22, 2006); *Thompson v. Rally House of Kansas City, Inc.*, No. 15-00886-CV-W-GAF, 2016 WL 9023433, at *5 (W.D. Mo. Jan. 25, 2016).

litigate this case on the merits will be for naught if the Supreme Court rules" that the same

restrictions at issue in this lawsuit violate the First Amendment and are therefore unconstitutional

and invalid. *Boise*, 2015 WL 4077433 at *5 (internal quotation omitted). In granting a stay

pending the Supreme Court's ruling, a court in the Southern District of Florida recently held as

follows: "that any proceedings before the Supreme Court issues guidance in the upcoming *Barr v.*

*Am. Ass'n* will be – among other things – a waste of judicial resources and a waste of the parties'

time and energy." *See* Ex. A at 2.

Accordingly, it is in the best interests of judicial economy to conserve the Court's

resources for those actions in which there is not a risk that a relatively imminent decision (by the

end of June 2020) from the Supreme Court will undo any Court decisions and vitiate any costly

and extensive motion practice, briefing, and discovery conducted by the litigants.

### C.    A Stay Will Benefit the Public Interest

The requested stay would also be in the public interest. Moving forward with the Sword

of Damocles-like situation of the Supreme Court ruling looming over the ensuing proceedings,

when it could dispose of the entire action, would not serve any party's or potential class member's

interests. Not only would all of the parties suffer prejudice should this case not be stayed, but the

public at large would, as well, particularly since "[a] moderate delay here will free up judicial

resources." *Boise*, 2015 WL 4077433 at *6. *See also*, *e.g.*, *Southstar Capital Group, I, LLC v.*

*1662 Multifamily LLC*, No. 6:18-CV-1453-ORL-40DCI, 2019 WL 3752892, *5 (M.D. Fla. Aug.

8, 2019) (finding stay appropriate because "a stay would serve the public interest by preserving

judicial economy and ensuring the orderly progression of this litigation."); *Lopez v. Miami-Dade*

*County*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (staying proceedings because "there is a

public interest in judicial economy and efficiency"). Absent a stay, those limited judicial resources

9

might ultimately be wasted.  The public interest would be better served by entering a brief stay of most likely no more than five months in this case and allow the Court's time and resources to be directed toward the other matters on its case docket during the stay, particularly when any time spent on this case in the next five months may end up being for naught.

### D.       None of the Parties Will Suffer a Hardship or Prejudice from a Stay

Should a stay be granted, no prejudice will befall any party.  While Plaintiff may argue he has the right to the speedy resolution of his claims, "having to wait" even as much as "eight to nine months to continue litigation is not, itself, sufficiently prejudicial to outweigh the very plain benefits of staying the case, particularly when the issues pending at the Supreme Court go to this Court's power to hear the case." *Duchene*, 2015 WL 5947669 at *4.  Indeed, courts generally have found that a stay of up to a year does not constitute undue prejudice.  *See Jean v. City of Dallas, Texas*, No. 3:18-CV-2862-M, 2019 WL 4597580, *3 (N.D. Tex. Sept. 22, 2019); *Quinn-White v. Novartis Pharm. Corp.*, No. CV 16-4300 PSG (AGRx), 2016 WL 11519285, *4 (C.D. Cal. Oct. 7, 2016); *Boise*, 2015 WL 4077433 at *6.  "Given that a ruling is likely imminent, the court finds no appreciable prejudice to Plaintiff." *Menchacha-Estrada v. Synchrony Bank*, No. 2:17CV831DAK, 2017 WL 4990561, at *1 (D. Utah Oct. 30, 2017).

The hardship to Defendants if the case continues and the lack of hardship to Plaintiff and putative class members if the case is stayed further weigh in favor of a brief stay of the proceedings in this case until the Supreme Court issues its ruling in *AAPC*.

### III.   ALTERNATIVELY, DISCOVERY SHOULD BE BIFURCATED TO ADDRESS WHETHER AN ATDS WAS USED PRIOR TO CLASS-WIDE DISCOVERY

If, for some reason, the Court does not stay this case pending a ruling in *AAPC*, it would be appropriate to bifurcate discovery to address the merits of Plaintiff's individual claims prior to

engaging in any additional and otherwise burdensome class-wide discovery.[8]   Specifically,

bifurcation would be appropriate for determining whether an ATDS was used to send the alleged

text messages to Plaintiff. If an ATDS was not used, then Plaintiff's claims must fail.  Where there

is a clearly dispositive issue to be resolved with a plaintiff's individual claims, and "the facts

sought through uncompleted discovery would not affect the resolution" of the dispositive issue,

then bifurcation of discovery to first address the dispositive issue is appropriate.  *See Gonzalez v.*

*Pepsico, Inc.*, No. 06-2163-KHV, 2007 WL 1100204, at *1 (D. Kan. Apr. 11, 2007) (citing *Kutilek*

*v. Gannon,* 132 F.R.D. 296, 298 (D.Kan.1990); *Wolf*, 157 F.R.D. at 494). *See also Victor Co. v.*

*Ortho Organizers, Inc.*, No. CIV.A. 96-2123-GTV, 1996 WL 704404, at *1 (D. Kan. Nov. 5, 1996)

(finding bifurcation appropriate "when the determination of a single issue could be dispositive of

the entire case and thereby eliminate the need for a subsequent trial"); *Physicians Healthsource,*

*Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012); *Antoine*

*v. Sch. Bd. of Collier Cty.*, No. 216CV379FTM38MRM, 2018 WL 9617243, at *1 (M.D. Fla. Apr.

18, 2018).  As the determination of whether an ATDS was used may dispose of this entire action

if resolved in favor of Defendants, and class-wide (and other) discovery will not affect the

resolution of this issue, bifurcation will conserve the resources of the parties and the court and

streamline the proceedings.[9]

---

[8] Defendants believe that the "class list" was produced by Mr. Beisel at his deposition on February 6, 2020.  However, Plaintiff's recently issued subpoena leads Defendants to believe that Plaintiff is seeking discovery unrelated to the facts and circumstances of this case.  Before addressing those discovery issues, however, it would be most efficient to determine the issue of whether an ATDS was used in the sending of the text messages Plaintiff allegedly received.

[9] In addition to the referenced Subpoena, there are other discovery issues which will require the attention of the Court.  For example, Plaintiff's responses to Defendants' Requests for Production and Interrogatories were woefully deficient.  Additionally, during his deposition, Plaintiff confirmed that he deleted several forms of ESI that should have been preserved; thus, a spoliation motion may be warranted.  But the time and expense associated with those matters, when the case dispositive ATDS issue should dispose of this case entirely, seems like a waste of resources.

11

Now that the Seventh and Eleventh Circuits have clarified the definition of an ATDS under the TCPA, and the only Court within the Tenth Circuit to address the issue has applied the same definition (*see* n.3, *supra*), this Court will be able to determine as matter of law whether the system used to allegedly text Plaintiff constitutes an ATDS.  Either the system "has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers," 47 U.S.C. § 227(a)(1), or it does not.  If the latter, then the sender of the alleged text messages cannot be liable for a violation of § 227(a)(1).  Plain and simple.  *See Gadelhak*, 2020 WL 808270, at *1, *4-5, *13; *Glasser*, 2020 WL 415811, at *2-8; *Dominguez*, 894 F.3d at 121.  *See also Beal v. Outfield Brew House, LLC*, No. 2:18-CV-4028-MDH, 2020 WL 618839, at *5 (W.D. Mo. Feb. 10, 2020); *Asher*, 2019 WL 131854, at *3.

Additionally, the Eleventh Circuit made clear that "[e]ven if the statute covers devices that can automatically dial a stored list of non-randomly generated numbers," a device is not an ATDS when it "requires meaningful human interaction to dial telephone numbers." *Id.* at *7-8.  Based upon the testimony of Chad Beisel, the system used to send the alleged text messages was iSales CRM, a web-based customer relationship management service that, in addition to organizing information and maintaining customer data input by users, also allows users to communicate with customers via telephone and/or messages; iSales CRM does not create or "generate" telephone numbers.  It only does what the user tells it do when the user tells it.  In order for a text message to be sent using iSales CRM, in addition to other human interaction, the user has to create the message, manually upload the telephone number, and initiate the sending of the text message.[10]  In

---

[10] Mr. Beisel's deposition transcript is not yet available. Defendants will supplement the record with relevant excerpts of the transcript once available.  These excerpts will show that the iSales CRM never created or generated random or sequential telephone numbers.  Instead, Mr. Beisel had to open an account, log in, select an existing telephone number that he previously entered to be contacted, or input a new telephone number to be contacted; he had to draft a message to be

12

other words, "the user is in full control as to when to send the message." *Ramos v. Hopele of Fort Lauderdale, LLC*, 334 F. Supp. 3d 1262, 1275 (S.D. Fla. 2018). This level of human intervention is tantamount to the EZ-Texting web service that numerous courts have held does not constitute an ATDS as a matter of law. *See* id.; *DeCapua v. Metro. Prop. & Cas. Ins. Co.*, No. CV 18-00590-WES, 2019 WL 4757995, at \*3 (D.R.I. Sept. 30, 2019); *Duran v. La Boom Disco, Inc.*, 369 F. Supp. 3d 476, 490 (E.D.N.Y. 2019); *Luna v. Shac, LLC*, 122 F. Supp. 3d 936, 941 (N.D. Cal. 2015). Therefore, the human interaction described by Mr. Beisel precludes the iSales CRM from being an ATDS under the TCPA. *See Glasser*, at \*8; *Beal*, 2020 WL 618839, at \*5; *Thompson-Harbach v. USAA Fed. Sav. Bank*, 359 F. Supp. 3d 606, 612 (N.D. Iowa 2019); *Fleming v. Associated Credit Servs., Inc.*, 342 F. Supp. 3d 563, 578 (D.N.J. 2018).

Answering these questions of random or sequential number generation and human intervention before class-wide discovery, will save the parties and the court time and resources by avoiding burdensome discovery and the inevitable, accompanying motion practice, among other costs such as reviewing, storing, and producing ESI, document review, retaining experts, and more. Thus, "in the interests of efficiency, Defendants should be allowed to conduct discovery on and submit a dispositive motion as to Plaintiff's individual claims" prior to engaging in class-wide discovery. *Physicians Healthsource*, 2012 WL 7856269, at \*2.

## CONCLUSION

The Court should stay this case pending the Supreme Court's decision in *AAPC* to lessen the Court's and the parties' litigation burden, especially in light of the risk the Court and the parties run by continuing to litigate this action in the face of a Supreme Court decision that could dispose

---

sent and tell the iSales CRM when to send it. Without Mr. Beisel or another user with his account credentials, no messages would be created or sent.

of this action entirely.  It is in the best interests of this Court's available judicial resources, the public interest, and the parties' respective litigation burdens to await decision from the Supreme Court in *AAPC* to ascertain the decision's disposition upon this action.  Accordingly, Defendants request that this Court grant the Motion to Stay pending the Supreme Court's decision in *AAPC*, and ordering such further relief as this Court deems just and proper.  Alternatively, if the Court does not find a stay to be appropriate, Defendants request an order bifurcating discovery so that Defendants may first conduct discovery on and file a dispositive motion as to Plaintiff's individual claims without being burdened by class-wide discovery and its attendant costs.  As the foregoing shows, bifurcation is appropriate because the dispositive issue in this case (aside from constitutionality) is whether an ATDS was used.

Dated: February 20, 2020

GREENSPOON MARDER LLP

*s/ Gregg I. Strock*

Jeffrey A. Backman
(Fla. Bar No. 0662501)
Gregg I. Strock
 (Fla. Bar No. 1010140)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Phone: (954) 491-1120
Fax: (954) 343-6958
jeffrey.backman@gmlaw.com
gregg.strock@gmlaw.com

and

SPENCER FANE LLP

*s/ Mark A. Cole*

Mark A. Cole, KS #25349
6201 College Blvd, Suite 500
Overland Park, KS 66211
Phone: (913) 345-8100
Fax: (913) 345-0736
mcole@spencerfane.com

*Attorneys for Defendants*

14

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court via CM/ECF on February 20, 2020.  I further certify that any party that enters an appearance in this matter will receive a copy of this document via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notice of Electronic Filing.

*/s/ Mark A. Cole*
Attorney for Defendant

15